David J. Dow, Bar No. 179407
ddow@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BELTRAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT, INC. a Delaware corporation; WASTE MANAGEMENT NATIONAL SERVICES, INC., a Delaware corporation; USA WASTE OF CALIFORNIA, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00279-MCE-KJN<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 18, 2023<br>Time: 10:00 a.m.<br>Ctrm: 7<br><br>Complaint Filed: February 14, 2023 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

CASE NO. 2:23-CV-00279-MCE-KJN

**TO THE COURT AND PLAINTIFF:**

PLEASE TAKE NOTICE that on May 18, 2023 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7 of the U.S. District Court of the Eastern District of California, located at the Robert T. Matsui Courthouse, 501 I St. # 420, Sacramento, California, 95814 before the Honorable Judge Senior Judge Morrison C. England, Jr., Defendants WASTE MANAGEMENT, INC., WASTE MANAGEMENT NATIONAL SERVICES, INC. AND USA WASTE OF CALIFORNIA, INC. (collectively, "Defendants") shall, and hereby do, move for judgment on the pleadings.  This motion is made on grounds that Plaintiff has failed to plead in his Complaint that he is aggrieved and suffered sufficient "injury" in fact to have standing to bring his claim.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings, and such further evidence as may be presented in connection herewith.

Dated: April 4, 2023

LITTLER MENDELSON, P.C.

*/s/ David J. Dow*
David J. Dow

Attorneys for Defendants

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1                    CASE NO. 2:23-CV-00279-MCE-KJN-

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Ramon Beltran's Complaint should be dismissed for lack of Article III standing because he failed to plead sufficient *facts* to make it plausible that he was injured by Defendants' allegedly improper inclusion of a sentence describing consumer rights in an employment background check disclosure document. Specifically, Plaintiff alleges that he was subject to a background check when he applied for employment. He was provided disclosure documents to review beforehand that informed him a background check would be conducted. Plaintiff concedes he was subsequently employed. Nevertheless, he brings a putative national class action under the Fair Credit Reporting Act ("FCRA") contending he and every other applicant for the last five years subject to a background check are entitled to statutory damages of $100-$1,000 per person because he asserts the disclosure documents were improper. He objects to the inclusion of a sentence describing a consumer right related to the background check in one of the documents. He claims the sentence violated FCRA Section 1681b(b)(2)'s requirement that an employment background check disclosure be provided in a "document that consists solely of the disclosure," and must be "clear and conspicuous." Even before getting to the lack of substantive merit to Plaintiff's claim, however, Plaintiff's Complaint is deficient as a threshold matter. Article III requires that Plaintiff plead facts rendering it plausible that he was *injured* from reading this sentence about rights related to the background check, to have standing to bring his claim. He fails to do so. Therefore, Defendants respectfully request that Plaintiff's Complaint be dismissed and judgment entered in favor of Defendants.

## II. STATEMENT OF FACTS

Plaintiff alleges that when he applied for employment with "Defendant" (he does not specify which of the Defendants), he was subject to a background check and provided disclosure documents pertaining to the background check beforehand to review. (Dkt. No. 1, Compl. ¶¶ 23-25.) Plaintiff concedes he was subsequently employed by "Defendants," and does not claim – nor could he – that any of the Defendants disqualified him for employment because of the background check. (*Id.* at ¶ 7.) Plaintiff asserts that one of the background check disclosure documents he reviewed stated that he

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2    CASE NO. 2:23-CV-00279-MCE-KJN

could "request the name, address and telephone number of the nearest unit designated to handle inquiries of each consumer reporting agency issuing an investigative consumer report about you, by sending a letter or email to your recruiter for the Company." (*Id.* at ¶ 25(i).)  On this sentence, he bases his claim that Defendants violated the FCRA. (*Id.*)  He contends the language of this sentence "is extraneous and noncompliant with FCRA disclosure requirements." (*Id.*)  He also contends this sentence made the disclosure not "clear and conspicuous" and not "clear and accurate." (*Id.*)  He thus seeks statutory and punitive damages as well as attorneys' fees under the FCRA on behalf of himself and a putative class for the allegedly improper disclosure. (*Id.* at ¶ 40.)  He defines the putative class as "all of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action." (*Id.* at ¶ 15.)

Plaintiff, however, does not plead any ***facts*** about any specific injury ***he*** allegedly suffered from reading the purportedly deficient sentence about his rights in the background check disclosure document.  The closest he gets is the broad and conclusory assertion that the sentence "jeopardized the Plaintiff and the putative class members' full understanding of both their rights guaranteed by the FCRA, and of what exactly they were allowing Defendants to procure." (*Id.* at ¶ 39.)  As further explained herein, however, such a speculative assertion is insufficient to meet Plaintiff's burden to plausibly plead concrete injury in fact as required for Article III standing.

### III.  ARGUMENT

#### A.  Legal Standard

Under Article III of the Constitution, a federal court may resolve only "a real controversy with real impact on real persons." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  Thus, to survive a motion to dismiss or judgment on the pleadings, a plaintiff must plead facts sufficient to make it plausible that: "(i) he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the [Defendants]; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at 2203.  Merely pleading an alleged FCRA violation for statutory damages is not itself enough to support standing. *Id.* at 2205 ("this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

3                CASE NO. 2:23-CV-00279-MCE-KJN

grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016)).  This is because there is a fundamental difference between a plaintiff having a statutory cause of action and actually suffering concrete harm because of the alleged violation.  *Id*.  Likewise, a mere "risk of future harm" is insufficient to support standing.  *Id.* at 2211.  Finally, the fact that Plaintiff seeks to represent a class does not reduce his burden to plead standing; in fact, he **and each putative class member** individually would need to support standing for their claims to survive.  *Id.* at 2208 ("Every class member must have Article III standing in order to recover individual damages.").

In sum, a FCRA plaintiff must demonstrate not just that they have plausibly pled a substantive FCRA violation (a question Defendants leave for future consideration) but also that they have plausibly pled a concrete injury to themselves resulting from that alleged violation.

**B.     Plaintiff Fails to Plead Facts Sufficient to State a Plausible Concrete Injury In Fact**

Here, Plaintiff fails to plausibly plead a concrete injury in fact under the Supreme Court's standard set forth in *Ramirez*, and therefore his Complaint should be dismissed.  The genesis of Plaintiff's claim is the FCRA's requirement that a consumer report disclosure be provided to employment applicants "in a document that consists solely of the disclosure," and be in a "clear and conspicuous" format.  15 U.S.C. § 1681b(b)(2).  Plaintiff asserts only that there was a sentence about rights in a disclosure he reviewed, and then asserts the legal conclusion that this sentence violated the FCRA:

- "In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of Defendant's disclosure documents contain extraneous information that violates the 'solely' requirement of the FCRA: (i) Defendants' disclosure includes a section telling the putative class that they may 'request the name, address and telephone number of the nearest unit designated to handle inquires of each consumer reporting agency issuing an investigative consumer report about you, by sending a letter or email to your recruiter for the Company." (Compl. ¶ 25)

- "This language is extraneous and noncompliant with FCRA disclosure requirements. The inclusion of this section only serves to make the disclosure unclear." (*Id.*)
- "Defendants' willful violation of the FCRA directly caused Plaintiff and the putative class informational harm. Additionally, Defendants' flawed FCRA disclosure jeopardized the Plaintiff and the putative class members' full understanding of both their rights guaranteed by the FCRA, and of what exactly they were allowing Defendants to procure." (*Id.* at ¶ 39.)

Missing is that Plaintiff *himself* was injured in any way by the sentence. At best – and even this is a generous reading – Plaintiff attempts to assert only speculative harm, that the language potentially "jeopardized" someone's understanding of the documents. He stops short, of course, of claiming that either he or any putative class member actually did not understand they would be subject to a background check. Indeed, to the contrary, Plaintiff's entire claim is premised on the fact that he did in fact ascertain from the documents that he was subject to a background check.

Plaintiff's invocation of potential, but not materialized, harm is insufficient to support standing, and thus requires dismissal. In *Ramirez*, for instance, the Court held that over 6,000 plaintiffs' claims had to be dismissed for lack of Article III standing after they had prevailed at trial in a FCRA class action. The plaintiffs had claimed that the defendant, a consumer reporting agency ("CRA"), had inserted allegedly inaccurate information into their credit files identifying them as potential matches to the Federal government's Office of Foreign Assets Control ("OFAC") list of "specially designated nationals" who threaten America's national security. *Ramirez*, 141 S. Ct. at 2201-2202. But this allegedly inaccurate information was never disseminated to any third-party. *Id.* The Supreme Court held that these class members thus lacked standing because the harm they were concerned about, risk of inaccurate information being published or denying them credit, never materialized. *Id.* at 2211-2212; *see also Caudel v. Amazon.com, Inc.*, No. 20-CV-00848-KJM-KJN, 2021 WL 4819602, at *3 (E.D. Cal. Oct. 15, 2021) (interpreting *Ramirez*, granting dismissal for lack of standing where plaintiffs claimed they purchased products worth less than their actual value, because the allegations in the complaint did not "sufficiently allege an actual or imminent risk," noting that "[r]isk of future harm that is too speculative does not support Article III standing.").

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5   CASE NO. 2:23-CV-00279-MCE-KJN

1    Likewise, a number of courts have dismissed FCRA disclosure claims in particular for lack of standing based on similar allegations. *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 513 (8th Cir. 2022) ("Schumacher's improper disclosure claim consists of a panoply of alleged defects in the Authorization along with an allegation that SC Data acted in willful disregard of the Federal Trade Commission's guidance and the unambiguous language of the statute. Notably absent is any claim of harm, neither tangible nor intangible. Schumacher has not established that she suffered a concrete injury due to the improper disclosure."); *Soman v. Alameda Health Sys.*, No. 17-CV-06076-JD, 2023 WL 336632, at *3 (N.D. Cal. Jan. 20, 2023) (holding that plaintiff lacked standing on FCRA disclosure claim; plaintiff had previously admitted that a "barebones reference to a privacy violation" was insufficient to support standing, and plaintiff's assertions of procedural violations on wording of disclosure form were insufficient to show injury in fact); *cf. Limon v. Circle K Stores Inc.*, 84 Cal. App. 5th 671, 700-705, 300 Cal. Rptr. 3d 572, 593-597 (2022), *review denied* (Jan. 25, 2023) (assertions that FCRA disclosure form had improper language were insufficient to show the plaintiff had an injury in fact to meet California's "beneficial interest" test to survive dismissal).

There is no basis to distinguish the minimal factual averments in Plaintiff's Complaint from these cases. For instance, *Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 5:20-CV-01699-SB-SP, 2021 WL 6102514, at *4 (C.D. Cal. Oct. 28, 2021) denied class certification of a FCRA disclosure claim, because, among other things, the plaintiff lacked standing. As Plaintiff does here, the plaintiff in *Ellsworth* made general statements about the defendant's background check disclosures being "misleading" and inadequate but failed to demonstrate that the plaintiff himself was actually injured. *Id.* ("Plaintiff further asserts that Defendant's disclosure form was inadequate and misleading because it failed to inform applicants that they could request free copies of their reports to dispute inaccurate or misleading information. But such a claim alleges only that the information was misleading for applicants 'generally,' not that Plaintiff himself was misled 'specifically.'") Because the plaintiff had not alleged more than just an injury at law, rather than in-fact harm, his claim had to be dismissed and class certification denied. *Id.* at *5.

Therefore, this Court should follow the other courts that have similarly ruled and dismissed Plaintiff's Complaint for lack of Article III standing.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6    CASE NO. 2:23-CV-00279-MCE-KJN

## IV. CONCLUSION

Plaintiff fails to plead facts sufficient to make plausible that he suffered a concrete injury in fact from reviewing a sentence he claims was improper in a background check disclosure form. Therefore, Defendants respectfully request that the Court dismiss Plaintiff's Complaint for lack of Article III standing and enter judgment in their favor.

Dated: April 4, 2023

LITTLER MENDELSON, P.C.

*/s/ David J. Dow*

DAVID J. DOW

Attorneys for Defendants

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7    CASE NO. 2:23-CV-00279-MCE-KJN