UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BELTRAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>WASTE MANAGEMENT, INC., et al.,<br><br>                    Defendants. | No. 2:23-cv-00279-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Ramon Beltran ("Plaintiff"), on behalf of both himself and a putative class of those similarly situated, seeks to recover from Defendants Waste Management, Inc., and Waste Management National Services, Inc., (collectively, "Defendants") for their purported violation of the Fair Credit Reporting Act ("FCRA"). Presently before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 10. For the following reasons, that Motion is GRANTED with leave to amend.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**STANDARD**

Under Federal Rule of Civil Procedure 12(c),[2] "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (internal citation omitted). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations and quotation marks omitted).

Courts have discretion to grant leave to amend in conjunction with motions made pursuant to Rule 12(c). Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citation omitted). Generally, leave to amend a complaint is denied only if it is

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

Defendants move for judgment on the pleadings on the basis that Plaintiff failed to adequately allege Article III standing. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) (citations and internal quotation marks omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 341. In this circuit, in determining "whether alleged violations of FCRA provisions are sufficiently concrete to confer standing" the Court considers "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1099 (9th Cir. 2022) (citation omitted).

In the Complaint, Plaintiff alleges that when he applied for employment, Defendants provided a disclosure form to perform a background investigation, which purportedly contained extraneous and superfluous language that extended beyond the disclosure as required by the FCRA and/or is not clear and conspicuous.[3] Plaintiff thus contends that the disclosures violated Section 1681b(b)(2)(A) and 1681(d) of the FCRA. According to Plaintiff, Defendants' flawed FCRA disclosure jeopardized Plaintiff and the putative class members' full understanding of both their rights guaranteed by the FCRA and of what exactly they were allowing Defendants to procure. Notably absent, however, are any allegations that Plaintiff was actually confused by the disclosures or that he would have responded differently had the disclosures complied with the FCRA. Nor are there facts included within the Complaint from which such inferences may be

---

[3] These factual allegations are taken, basically verbatim, from Plaintiff's Complaint. ECF No. 1.

drawn.

The Court thus concludes that Plaintiff has failed to adequately allege the requisite standing to pursue his claims.  See <u>Nunley v. Cardinal Logistics Mgmt. Corp.</u>, 2022 WL 5176867, at *3 (C.D. Cal. 2022) (finding no standing under analogous circumstances when the complaint "does not allege that plaintiff suffered any actual confusion resulting from the purportedly noncompliant disclosures or that plaintiff would have taken any action if Defendants had complied with the FCRA") (collecting cases). The Court also concludes Plaintiff's authority, <u>Syed v. M-I, LLC</u>, 853 F.3d 492 (9th Cir. 2017), is inapposite and thus not controlling.  See <u>Nunley</u>, 2022 WL 5176867, at *4.  "In sum, the crux of the Complaint is that Defendants did not comply with the technical authorization and disclosure requirements of the FCRA."  <u>Id.</u> at *5.  This is insufficient to establish Article III standing, and Defendants' Motion is thus GRANTED.  <u>Id.</u>

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, ECF No. 10, is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended pleading is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  May 23, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE