UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAMON BELTRAN,

       Plaintiff,

     v.

WASTE MANAGEMENT, INC., et al.,

       Defendants.

No.  2:23-cv-00279-MCE-KJN

**MEMORANDUM AND ORDER**

Through this action, Plaintiff Ramon Beltran ("Plaintiff"), on behalf of both himself and a putative class of those similarly situated, seeks to recover from Defendants Waste Management, Inc., and Waste Management National Services, Inc., (collectively, "Defendants") for their purported violation of the Fair Credit Reporting Act ("FCRA"). Defendants previously filed a motion for judgment on the pleadings ("MJOP"), ECF No. 10, which this Court granted with leave to amend, ECF No. 14.  Plaintiff timely filed a First Amended Complaint ("FAC"), ECF No. 15, which Defendants answered, ECF No. 16.  Presently before the Court is Defendants' second MJOP.  ECF No. 17.  For the following reasons, that Motion is GRANTED with leave to amend as well.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

1

2

**STANDARD**

3      Under Federal Rule of Civil Procedure 12(c),[2] "a party may move for judgment on

4  the pleadings" after the pleadings are closed "but early enough not to delay trial."  A

5  motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal

6  sufficiency of the opposing party's pleadings.  See, e.g., Westlands Water Dist. v.

7  Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

8      The standard for evaluating a motion for judgment on the pleadings is essentially

9  the same as the standard applied to a Rule 12(b)(6) motion.  Dworkin v. Hustler

10 Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on the

11 pleadings should only be granted if "the moving party clearly establishes on the face of

12 the pleadings that no material issue of fact remains to be resolved and that it is entitled

13 to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,

14 896 F.2d 1542, 1550 (9th Cir. 1989) (internal citation omitted).  Judgment on the

15 pleadings is also proper when there is either a "lack of cognizable legal theory" or the

16 "absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v.

17 Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a Rule 12(c)

18 motion, "all factual allegations in the complaint [must be accepted] as true and

19 construe[d] . . . in the light most favorable to the non-moving party."  Fleming v. Pickard,

20 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is

21 warranted "only if it is clear that no relief could be granted under any set of facts that

22 could be proved consistent with the allegations."  Deveraturda v. Globe Aviation Sec.

23 Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations and quotation marks

24 omitted).

25      Courts have discretion to grant leave to amend in conjunction with motions made

26 pursuant to Rule 12(c).  Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D.

27 Cal. 2004) (citation omitted).  Generally, leave to amend a complaint is denied only if it is

28

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1    clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v.

2    Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

3

4    **ANALYSIS**

5

6    The Court granted Defendants' first MJOP after holding that Plaintiff failed to

7    adequately allege Article III standing:

8    > In the Complaint, Plaintiff alleges that when he applied for employment, Defendants provided a disclosure form to

9    > perform a background investigation, which purportedly

10   > contained extraneous and superfluous language that extended beyond the disclosure as required by the FCRA and/or is not clear and conspicuous.  Plaintiff thus contends that the

11   > disclosures violated Section 1681b(b)(2)(A) and 1681(d) of the FCRA.  According to Plaintiff, Defendants' flawed FCRA

12   > disclosure jeopardized Plaintiff and the putative class members' full understanding of both their rights guaranteed by

13   > the FCRA and of what exactly they were allowing Defendants to procure.  Notably absent, however, are any allegations that

14   > Plaintiff was actually confused by the disclosures or that he would have responded differently had the disclosures

15   > complied with the FCRA.  Nor are there facts included within the Complaint from which such inferences may be drawn.

16

17   > The Court thus concludes that Plaintiff has failed to adequately allege the requisite standing to pursue his claims.  See Nunley

18   > v. Cardinal Logistics Mgmt. Corp., 2022 WL 5176867, at *3 (C.D. Cal. 2022) (finding no standing under analogous

19   > circumstances when the complaint "does not allege that plaintiff suffered any actual confusion resulting from the

20   > purportedly noncompliant disclosures or that plaintiff would have taken any action if Defendants had complied with the

21   > FCRA") (collecting cases).  The Court also concludes Plaintiff's authority, Syed v. M-I, LLC, 853 F.3d 492 (9th Cir. 2017), is

22   > inapposite and thus not controlling.  See Nunley, 2022 WL 5176867, at *4.  "In sum, the crux of the Complaint is that

23   > Defendants did not comply with the technical authorization and disclosure requirements of the FCRA."  Id. at *5.  This is

24   > insufficient to establish Article III standing, and Defendants' Motion is thus GRANTED.  Id.

25   ECF No. 14 at 3-4 (footnotes omitted).

26   In response to the Court's order, Plaintiff added allegations to the FAC averring

27   that "Defendants . . . listed two different consumer reporting agencies located in two

28   different states: 'Cisive (formerly CARCO Group Inc.)' located in Holtsville, NY, as well

3

1    as 'Foley Carrier Services, LLC' located in Hartford, CT."  ECF No. 15, ¶ 25.  According

2    to Plaintiff, "[t]he inclusion of this section only serves to make the disclosure unclear,

3    confusing Plaintiff and members of the putative class."  Id.[3]  Plaintiff argues here that the

4    resulting confusion is sufficient to establish that he has standing to pursue his claims in

5    this case.

6         More specifically, Plaintiff contends all that is required to plead the requisite injury-

7    in-fact is the allegation that Plaintiff—along with putative class members—was confused

8    at some point.  To reach this conclusion, Plaintiff relies on the Court's statement that he

9    had failed to plead that he "was actually confused by the disclosures or that he would

10   have responded differently had the disclosures complied with the FCRA."  ECF No. 14 at

11   3 (emphasis added).  Given the Court's use of the word "or," Plaintiff contends, he could

12   rely on either confusion or the fact that he would have responded differently to meet the

13   standing threshold.  However, Plaintiff misinterpreted the Court's order.  The Court

14   pointed out that Plaintiff had pled neither of those things, not that only one was required.

15   In fact, even in Plaintiff's own authority, the court determined both had been established.

16   See Syed v. M-I, LLC, 853 F.3d 492, 499-500 (9th Cir. 2017) ("Drawing all reasonable

17   inferences in favor of the nonmoving party, we can fairly infer that [the plaintiff] was

18   confused by the inclusion of the liability waiver with the disclosure and would not have

19   signed it had it contained a sufficiently clear disclosure, as required in the statute.")

20   (emphasis added); see also Rodriquez v. U.S. Healthworks, Inc., 813 Fed. Appx. 315

21   (9th Cir. 2020); Ruiz v. Shamrock Foods Co., 804 Fed. Appx. 657 (9th Cir. 2020).  The

22   Syed court inferred that the plaintiff in that case was so confused that he did not even

23   realize he had authorized the procurement of a "consumer report" until he discovered

24   one in his personnel file after the fact and that the plaintiff would have proceeded

---

25   [3] Plaintiff's challenge to the inclusion of contact information for two consumer reporting agencies is
26   hard to square with the Ninth Circuit's decision in Walker v. Fred Meyer, Inc., 953 F.3d 1082, 1090 (9th
     Cir. 2020) (determining the inclusion of one consumer reporting agency did not violate the FCRA).  While
27   the Court believes that there is likely to be some number of consumer reporting agencies the inclusion of
     which would tip the scale toward confusion and non-compliance, it would likely take more than two.  This is
28   the only provision that Plaintiff contends caused him any confusion, so the Court does not address the
     remainder of Plaintiff's challenges to the disclosure here.

differently under those circumstances had he known.  In this case, on the other hand, Plaintiff merely alleges that he was generally confused at some point, but there is nothing from which the Court can infer that Plaintiff was confused at the time he signed the document, what he was confused about, and that he would have proceeded differently if provided with a compliant disclosure.  Plaintiff has thus not sufficiently pled he has standing to pursue the instant claims.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, ECF No. 17, is GRANTED with final leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended pleading is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  January 23, 2024

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE