UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BELTRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>WASTE MANAGEMENT, INC., et al.<br><br>    Defendants. | No. 2:23-cv-00279-DC-CSK<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. No. 25) |

This matter is before the court on a motion for judgment on the pleadings filed on February 27, 2024, by Defendants Waste Management Inc., Waste Management National Services, Inc., and USA Waste of California, Inc. (collectively "Defendants"). (Doc. No. 25.) On March 4, 2024, the pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g).[1] (Doc. No. 26.) For the reasons explained below, the court will grant Defendants' motion for judgment on the pleadings.

**BACKGROUND**

In the operative second amended complaint, Plaintiff alleges that when he applied for employment with Defendants, Defendants provided Plaintiff with a disclosure form to perform a background investigation. (Doc. No. 23 at ¶ 24.) The disclosure form contained a notice that

---

[1] This case was reassigned to the undersigned district judge on October 10, 2024. (Doc. No. 31.)

1

1   Defendants "may order a consumer report on you from a consumer reporting agency ('CRA')
2   with your application for employment . . ." (*Id*. at ¶ 26.) The disclosure form then included a
3   section listing two different CRAs in two different states: (1) Cisive (formerly CARCO Group
4   Inc.) located in Holtsville, New York; and (2) Foley Carrier Services, LLC, located in Hartford,
5   Connecticut. (*Id*.) Plaintiff alleges the inclusion of this particular section made the disclosure
6   unclear and confusing, and thus rendered the disclosure noncompliant with the requirements of
7   the Federal Credit Reporting Act ("FCRA"). (*Id*. at ¶¶ 26–27, 35–36.) Plaintiff then alleges he
8   would not have signed the disclosure form or agreed to the procurement of a consumer report if
9   the disclosure had complied with FCRA. (*Id*. at ¶ 26.) Additionally, Plaintiff alleges the
10  disclosure form was not "clear and conspicuous" as required by FCRA because the disclosure
11  was not in all capital letters, not in boldface, and contained an acknowledgment of receipt. (*Id*. at
12  ¶ 27.)

13  On February 14, 2023, Plaintiff filed a class action complaint against Defendants for
14  violating § 1681b(b)(2)(A) of FCRA. (Doc. No. 1.) Defendants filed a motion for judgment on
15  the pleadings, which the court granted with leave to amend on May 23, 2023, on the grounds that
16  Plaintiff's complaint failed to adequately allege Article III standing. (Doc. No. 14.) Specifically,
17  the court found Plaintiff had not alleged any facts from which the court could infer he was
18  actually confused by the disclosure or that he would have responded differently had the disclosure
19  complied with FCRA. (*Id*. at 3–4.)

20  On June 12, 2023, Plaintiff filed a first amended complaint in response to the court's
21  order. (Doc. No. 15.) Defendants filed a second motion for judgment on the pleadings, which the
22  court granted with leave to amend on January 24, 2024, again on the grounds that Plaintiff had
23  not sufficiently pled he has standing to pursue his claims. (Doc. No. 22.) The court found Plaintiff
24  had still not alleged sufficient facts from which the court could infer that he was confused at the
25  time he signed the document, what he was confused about, and that he would have proceeded
26  differently if provided with a compliant disclosure. (*Id*. at 4–5.)

27  On February 12, 2024, Plaintiff filed the operative second amended complaint ("SAC").
28  (Doc. No. 23.) On February 27, 2024, Defendants filed the pending (third) motion for judgment

on the pleadings. (Doc. No. 25.) On March 21, 2024, Plaintiff untimely filed an opposition to that motion.[2] (Doc. No. 27.) On March 29, 2024, Defendants filed a reply to Plaintiff's opposition. (Doc. No. 28.)

## LEGAL STANDARD

### A. Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . 'the same standard of review applies to motions brought under either rule.'" *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Under that standard, the court takes as true the non-moving party's factual allegations and draws all reasonable inferences in that party's favor. *Hines v. Youseff*, 914 F.3d 1218, 1227 (9th Cir. 2019).

Judgment under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see Mitchell v. WinCo Foods, LLC*, No. 19-35802, 2020 WL 6441175, at *1 (9th Cir. Nov. 3, 2020) (affirming the district court's grant of a motion for judgment on the pleadings where the plaintiff failed to allege sufficient facts to show a violation and/or a willful violation of the FCRA). Courts may grant a Rule 12(c) motion with or without leave to amend. *See Gregg v. Dep't of Pub. Safety*, 870 F.3d 883, 889 (9th Cir. 2017) (while Rule 15 provides for granting leave to amend freely when justice requires, leave may be denied where futile).

### B. Fair Credit Reporting Act

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote

---

[2] Plaintiff filed his opposition approximately one week after the filing deadline of March 12, 2024. Nevertheless, the court has considered the opposition in ruling on the pending motion.

efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In pursuing these goals, FCRA "regulates the creation and the use of 'consumer report[s]' by 'consumer reporting agenc[ies]' for certain specified purposes, including . . . employment." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334–35 (2016) (quoting 15 U.S.C. §§ 1681a(d)(1), § 1681b). Relevant to the pending motion, Section 1681b(b)(2)(A)(i) of FCRA requires an employer to provide a job applicant with "a standalone, clear and conspicuous disclosure of its intention" to obtain a consumer report about the job applicant and obtain the applicant's consent before obtaining the report. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086–87 (9th Cir. 2020). The question of whether a disclosure is clear and conspicuous within the meaning of Section 1681b(b)(2)(A)(i) is separate from the question of whether the disclosure is a standalone disclosure. *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). A disclosure is "clear" if it is "reasonably understandable," and conspicuous, if it is "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176–77 (9th Cir. 2019) (quoting *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010)). A disclosure is standalone when it is "presented in a document devoid of extraneous information, that is, the disclosure is presented 'alone; singly or entirely; exclusively." *Wynn v. UPS*, No. 23-15448, 2024 WL 1191143, *2 (9th Cir. Mar. 13, 2024) (citing *Walker*, 953 F.3d at 1087);[3] *see also Juster v. Workday*, 617 F. Supp. 3d 1128, 1138 (N.D. Cal. 2022) (finding "[s]omething is extraneous when something other than the disclosure is provided as part of the FCRA-required disclosure").

## DISCUSSION

In their motion, Defendants assert Plaintiff has still failed to allege he has Article III standing to pursue his FCRA claim—the only claim brought in this case. (Doc. No. 25 at 9–12.) Defendants alternatively argue even if Plaintiff could establish standing, his claim must be dismissed nonetheless because he fails to plausibly allege that Defendants willfully violated FCRA, as is required to state a cognizable claim under § 1681b(b)(2)(A). (*Id.* at 12–17.)

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

A. **Article III Standing**

Standing is a "threshold question" in determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 480, 498 (1975); *see also Stoianoff v. Montana*, 695 F.2d 1214, 1223–1224 (9th Cir. 1983). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 (1983). To satisfy the case or controversy requirement, a plaintiff must show that: (1) he has suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 578 U.S. at 339 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A plaintiff establishes an injury in fact, if he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized.'" *Id*. (quoting *Lujan*, 504 U.S. at 560). "Article III standing requires a concrete injury even in the context of a statutory violation" such that "a bare procedural violation divorced from any concrete harm," would not confer standing. *Spokeo*, 578 U.S. at 341; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (holding that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court"). Thus, a bare procedural violation of Section 1681b(b)(2)(A)'s requirements that a disclosure be standalone, clear and conspicuous is not enough to establish standing. *Williams v. Nichols Demos, Inc.*, No. 17-cv-07101-EJD, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018) (collecting cases in which district courts found the plaintiffs' allegations of bare procedural violations of FCRA to be insufficient to confer Article III standing where those claims were based on alleged violations of FCRA's standalone disclosure requirement). However, a violation of Section 1681b(b)(2)(A) may give rise to a concrete injury when the allegations are sufficient to support the inference that the statutory violation caused actual confusion and the plaintiff would not have authorized the consumer report had the disclosure been presented properly. *Syed*, 853 F.3d at 499–500; *see also Nunley v. Cardinal Logistics Mgmt. Corp.*, No. 22-cv-01255-FWS-SP, 2022 WL 5176867, at *3 (C.D. Cal. Oct. 5, 2022) (finding the complaint did not allege a concrete injury because the plaintiff did not

5

allege he suffered any actual confusion from the disclosure or that he would have taken any different action if defendants had complied with the FCRA).

In the pending motion, Defendants contend Plaintiff's SAC fails to allege an injury in fact to support standing for several reasons. First, Defendants argue that, although Plaintiff alleges "the disclosure is not in all capital letters," "is not in boldface," and "contains an acknowledgment of receipt" (Doc. No. 23 at ¶ 27), Plaintiff has not pled facts to state an injury caused by the disclosure's lack of capital letters, lack of boldface font, and inclusion of an acknowledgment of receipt. (Doc. No. 25 at 10.) The court agrees with Defendant's argument. Notably, in his SAC, Plaintiff does not allege any particular confusion, i.e., what he found confusing, or how he was confused by the absence of capital letters and boldface font. Plaintiff also does not allege how or why the inclusion of an acknowledgment of receipt caused him confusion. Thus, Plaintiff has not adequately pled he has Article III standing for his FCRA claim predicated on these alleged statutory violations.

Next, Defendants assert that although Plaintiff alleges the disclosure form was not standalone because it listed the contact information for two different CRAs, which "only serve[d] to make the disclosure unclear [and] confusing" (Doc. No. 23 at ¶ 27), Plaintiff does not allege how this information was unclear and confusing to him. (Doc. No. 25 at 12.) Defendant emphasizes that Plaintiff "still has not pled any facts . . . to plausibly plead standing for [his] theory that the disclosure violated the law because it included the contact information of two CRAs." (*Id*.)

In its January 24, 2024 order, the court found Plaintiff "merely allege[d ]that he was generally confused at some point, but there [was] nothing from which the court could infer that Plaintiff was confused at the time he signed the document, what he was confused about, and that he would have proceeded differently if provided with a compliant disclosure." (Doc. No. 22 at 5.) In addressing the court's order, in the SAC, Plaintiff amended his allegations to state he "would not have signed [the disclosure] or agreed to the procurement of a consumer report had the disclosure complied with the FCRA." (Doc. No. 23 at ¶ 26.)

Because of Plaintiff's amendment, the court can reasonably infer from Plaintiff's

6

allegations that he was confused when he signed the disclosure because of the inclusion of the two CRAs' contact information. *C.f. Mayorga v. Carter's Inc.*, No. 22-cv-01467-DMG-KS, 2022 WL 1190350, at *3 (C.D. Cal. Apr. 21, 2022) (finding the plaintiff did "not allege that she was actually confused or deceived by the 'extraneous information,' authorized the consumer report unknowingly, or would not have authorized it had the disclosure been presented properly[.]") Further, the court can discern from Plaintiff's complaint, "without speculating," what actions he would have allegedly taken had the disclosure not contained the contact information of two CRAs. In his operative complaint, Plaintiff states he would have acted differently; that is, he would not have signed the document had the disclosure not listed the contact information of two different CRAs. (Doc. No. 23 at ¶ 26.) *C.f. Grabner v. Experian Info. Sols., Inc.*, No. 22-cv-00078-CJC-DFM, 2022 WL 1223636, at *3 (C.D. Cal. Apr. 22, 2022) (finding no Article III standing and explaining the court could not discern from the plaintiffs' complaint, "without speculating," what action defendant's statutory violation prevented them from taking); *Orpilla v. Schenker, Inc.*, No. 19-cv-08392-BLF, 2020 WL 2395002, at *4 (N.D. Cal. May 12, 2020) (finding no Article III standing where the plaintiff did not allege she would have behaved any differently had her employer's disclosure form "technically compl[ied]" with the requirements of FCRA).

Thus, at this pleadings stage, the court finds Plaintiff has sufficiently pled standing for his theory that the disclosure violated the law because it included the contact information of two CRAs. *See Syed*, 853 F.3d at 499 (finding standing in a motion to dismiss because the court draws all reasonable inferences in favor of the nonmoving party).

**B.     Plaintiff Fails to Allege a Violation of FCRA**

The court now turns to Defendants' request to dismiss the SAC with prejudice because Plaintiff fails to plead a willful violation of FCRA. In the SAC, Plaintiff seeks statutory and punitive damages under FCRA. (Doc. No. 23 at ¶¶ 38–39.) Under FCRA, "[a]ny person who willfully fails to comply with any requirement" is liable for actual or statutory damages, and punitive damages. 15 U.S.C. § 1681n(a); *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020). But to state a willful violation of the FCRA, a plaintiff must first allege a

7

violation of the FCRA has occurred "in the first place." *Marino*, 978 F.3d at 673.

Plaintiff argues he has adequately pled Defendants violated FCRA by including extraneous information, namely, the contact information of two CRAs in the disclosure form. (Doc. No. 27 at 15–17.) Plaintiff argues the inclusion of this information was a "clear" violation of the statutory language of the FCRA, and "[a]ll [Defendants] needed to do was read the statute to avoid the willful violation." (*Id*. at 15–16.) In support of his argument that Defendants' violation was "clear," Plaintiff relies on the Ninth Circuit's decisions in *Syed* and *Gilberg*. (*Id*.)

The court finds Plaintiff's reliance on *Syed* and *Gilberg* misplaced. In *Syed*, the court concluded the employer violated FCRA when it included extraneous information, specifically a liability waiver, in a disclosure document. 853 F.3d at 503. In *Gilberg*, the court held the employer violated FCRA by including information relating to various state disclosure requirements in a disclosure document. 913 F.3d at 1171, 1175–76. Neither of these decisions expressly address CRA contact information and the analysis in those decisions is not particularly helpful under the circumstances of this case.

However, the court does find the analysis in the Ninth Circuit's decision in *Walker* to be more on point. In *Walker*, the Ninth Circuit held the inclusion of a CRA's contact information on a disclosure form was not extraneous information and did not violate the standalone requirement. 953 F.3d at 1090. Thus, based on binding case authority, the inclusion of a CRA's contact information in a disclosure is not a "clear" violation of the FCRA. In his opposition, Plaintiff contends this case is distinguishable from *Walker* because that case only involved the listing of one CRA, whereas the disclosure here refers to "two separate and distinct [CRAs] located in two different states," which Plaintiff asserts "obscures rather than clarifies [his] rights." (Doc. No. 27 at 17–18.) This is not the first time Plaintiff has advanced this assertion. Indeed, in its order dismissing Plaintiff's first amended complaint, the court noted that Plaintiff's challenge to the inclusion of contact information for two CRAs was hard to square with the Ninth Circuit's decision in *Walker*. (Doc. No. 22 at 4, n. 3.) Here too, the court again finds Plaintiff's effort to distinguish this case from *Walker* unavailing.

The decision in *Walker* provides clear guidance on what constitutes extraneous

8

information on a disclosure. Information that "elucidate[s] what it means to 'obtain' a consumer report" such as "helpful information about who will provide such a report" is not extraneous. *Walker*, 953 F.3d at 1090. While a liability waiver and/or separate state disclosure requirements may pull an applicant's attention away from his privacy rights protected by the FCRA, *Syed*, 853 F.3d at 502; *Gilberg*, 913 F.3d at 1175–76, Plaintiff has not persuaded this court that the contact information of the two CRAs draws a consumer's attention away from his privacy rights. Unlike a disclosure's discussion of a consumer's additional privacy rights, the contact information of the two CRAs does not compete with the disclosure but rather provides helpful information about who may provide the report. *See Rivera v. Jeld-Wen, Inc.*, No. 21-cv-01816-AJB-AHG, 2022 WL 3219411, at *7 (S.D. Cal. Aug. 9, 2022) (finding language that advises consumers "to carefully consider whether to exercise your right to request disclosure of the nature and scope of any investigative consumer report" did not divert the plaintiff's attention from their privacy right and did not constitute extraneous information); *see also Wynn v. UPS*, No. 23-15448, 2024 WL 1191143, at *2 (9th Cir. Mar. 20, 2024) (finding the district court did not err in concluding that the external links present in the headers and footers of UPS's disclosure webpage did not violate the standalone disclosure requirement because they did not "contain substantive or competing information about the applicant's privacy rights").

Further, FCRA does not limit an employer to using only one CRA for background checks. *See generally* 15 U.S.C. § 1681b. Indeed, in *Warr v. Cent. Garden & Pet Co.*, No. 20-cv-09405-JST, 2021 WL 6275013, at *6 (N.D. Cal. Sep. 21, 2021), the district court found a disclosure containing the contact information of a CRA and notice that another CRA could obtain a consumer report was not in violation of the FCRA's standalone requirement. Under Plaintiff's proposed interpretation of the standalone requirement, it is difficult to see how an employer could ever provide a compliant disclosure form if they in fact use multiple CRAs to provide consumer reports. The court finds the allegation that Defendants included two CRAs' contact information in the disclosure to be insufficient to allege a violation of FCRA based on the FCRA's standalone requirement.

/////

### C.  Plaintiff Fails to Allege a Willful Violation of FCRA

Even if Defendants' inclusion of the two CRAs' contact information in the disclosure was sufficient to demonstrate a violation of FCRA's standalone requirement, Plaintiff has not sufficiently alleged that Defendants' willfully violated FCRA. A plaintiff can prove a willful violation by showing a knowing and/or a reckless violation of FCRA. *Safeco*, 551 U.S. at 57. When a statute "is not subject to a range of plausible interpretations" and its text "unambiguously forecloses" the defendant's interpretation, the defendant runs "an 'unjustifiably high risk'" of knowingly violating the statute sufficient for willful liability. *Syed*, 853 F.3d at 505–06 (quoting *Safeco*, 551 U.S. at 70). Additionally, a defendant acts "in reckless disregard of the FCRA" if its "action is not only a violation under a reasonable reading of the statute's terms[ ] but shows that the [defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Syed*, 853 F.3d at 503 (quoting *Safeco*, 551 U.S. at 69).

A defendant's reading of FCRA can be objectively unreasonable when there is "guidance from the courts of appeals" that would have specifically "warned [the defendant] away from the view it took." *Safeco*, 551 U.S. at 70. "[A] 'lack of definitive authority does not, as a matter of law, immunize [a party] from potential liability' for statutory damages" under FCRA. *Syed*, 853 F.3d at 504 (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010)). However, a "dearth of guidance and . . . less-than-pellucid statutory text" of FCRA's requirements can serve to demonstrate a defendant's reading of the statute was merely erroneous, rather than objectively unreasonable. *Id.*; *see Walker v. Fred Meyer, Inc.*, No. 17-cv-01791-YY, 2021 WL 4239988, at *6 (D. Or. Aug. 13, 2021) (finding that "under *Safeco* and *Syed*, [defendant's] disclosure was not based on an 'objectively unreasonable' interpretation of FCRA's standalone requirements at the time Walker applied for a position"), *findings and recommendations adopted in* 2021 WL 4391550 (D. Or. Sep. 24, 2021); *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 760 (9th Cir. 2018) (affirming the district court's grant of summary judgment and finding Experian had not willfully violated FCRA because, among other things, there was no case law that might have warned and/or or informed Experian that its approach to reporting short sales was objectively unreasonable); *Cf. Arnold v. DMG Mori USA, Inc.*, No. 18-cv-02373-JD, 2021 WL 1222160, at

*4 (N.D. Cal. Mar. 31, 2021) (finding "DMG had the benefit of *Syed* by the time it issued its revised disclosure form in 2019, and so cannot claim that it was in the dark about its obligations under the FCRA").

Here, Plaintiff's assertion that Defendants willfully violated FCRA is hard to square with the Ninth Circuit's decision in *Walker*. (Doc. No. 22 at at 4, n. 3) (citing *Walker*, 953 F.3d at 1090). Moreover, Plaintiff has not pointed to any authority that suggests the inclusion of two CRAs constitutes extraneous information such that a defendant would be willfully noncompliant with the standalone requirements of FCRA. *See e.g. Zuniga v. House Foods Am. Corp. House Foods Holding USA, Inc.*, No. 22-cv-00372-CJC-JDE, 2022 WL 22607479, at *4 (C.D. Cal. Sep. 6, 2022) (finding plaintiff did not connect his allegations to authority showing the objective unreasonableness of defendant's interpretation). As Defendants did not have the benefit of guidance that their disclosure could have been unlawful, their interpretation of the law was not objectively unreasonable.

Accordingly, the court finds Plaintiff cannot allege that Defendants' decision to include the contact information of two CRAs in the disclosure would constitute a willful violation of the FCRA. *See e.g. Dawson v. Wonderful Pistachios & Almonds, LLC*, No. 18-cv-00801-PA-JPR, 2018 WL 5263063, at *6 (C.D. Cal. Apr. 27, 2018) (granting defendant's motion for judgment on the pleadings because plaintiff had not, and could not, allege that defendant's inclusion of the information contained in its disclosure notice constituted a willful violation of the FCRA's standalone requirement). For these reasons, Defendants' motion for judgment on the pleadings will be granted.

**D.    Leave to Amend**

In his opposition to Defendants' motion, Plaintiff asks the court to grant leave to amend if the court determines there are any deficiencies in the complaint. (Doc. No. 27 at 21.) Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*. When a complaint cannot be cured

by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Here, despite being provided guidance on the deficiencies in his pleadings and being granted multiple opportunities to amend his complaint, Plaintiff has not sufficiently alleged he was injured from the disclosure's lack of capital letters, boldface, and the inclusion of an acknowledgment of receipt. Further, the court finds that the disclosure in this case did not include any extraneous information in violation of the standalone requirement, and thus, Plaintiff's SAC does not sufficiently allege that Plaintiff violated and/or willfully violated Section 1681b(b)(2)(A) of FCRA. Under these circumstances, the court finds that granting Plaintiff further leave to amend would be futile. Accordingly, the court will dismiss Plaintiff's SAC without leave to amend and close this case.

## CONCLUSION

1. Defendants' motion for judgment on the pleadings (Doc. No. 25) is GRANTED;
2. Plaintiff's second amended complaint is DISMISSED, without leave to amend; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 20, 2025**

Dena Coggins
United States District Judge